Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5467 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Edward F. Boliaux vs. Manheim Automotive Financial Services, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court dismisses Appellant Edward F. Boliaux's appeal. The Court also strikes the briefing schedule set by the Court on September 15, 2010; Appellee need not respond to the opening brief [4] filed by Appellant.

■[ For further details see text below.]

Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

This bankruptcy appeal arises from the bankruptcy court's order granting Appellee Manheim Automotive Financial Services Inc.'s motion for summary judgment and dismissing Appellant Edward F. Boliaux's counterclaims. On July 21, 2010, Appellant filed a notice of appeal of the bankruptcy court's order, which was docketed in this Court on August 30, 2010. On September 8, 2010, Appellee filed a supplemental statement, questioning whether the Court has jurisdiction over this appeal, whether cause exists to allow Appellant to file an interlocutory appeal, and whether Boliaux properly perfected his appeal. In response, Appellant filed a "Memorandum in Support of Appeal," claiming that the statutory criteria for allowing an immediate appeal are met here because "[t]he doctrine of Res Judicata, (2) [t]he Credit Agreements Act, (3) Illinois Supreme Court Rule 304(a) are controlling and contestable questions of law." [4 at 1.]

The threshold question that the Court must resolve is whether Appellant's appeal is properly before this Court or whether Appellant should have filed a motion for leave to appeal from an interlocutory order issued by the bankruptcy court. "Whether a decision is final [and appropriate for appeal] generally depends on whether the decision * * * 'ends the litigation on the merits and leaves nothing for the court to do to execute the judgment.'" *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir. 2000) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)); see also 28 U.S.C. § 158(a)(1) ("the district courts of the United States shall have jurisdiction to hear appeals from * * * final judgments, orders, and decrees"). Because the bankruptcy court's order granting summary judgment to Manheim and dismissing Boliaux's counterclaims did not terminate the proceedings before the bankruptcy court, Boliaux may not appeal as of right; the order granting Manheim's motion for summary judgment as to Boliaux's counterclaims unquestionably did not resolve Manheim's claims and thus did not end the litigation on the merits. See also *United Mun. Leasing Corp. v. Lexington Corporate Properties, Inc.*, 1997 WL 587753, at *3 (N.D. Ill. Sept. 18, 1997) (noting that an order granting defendants' summary judgment motion and dismissing the complaint, but not resolving the counterclaims, is an interlocutory

10C5467 Edward F. Boliaux vs. Manheim Automotive Financial Services, Inc.   Page 1 of 3

| STATEMENT |
|---|

order). Indeed, in his memorandum, Appellant does not argue that the bankruptcy court's summary judgment opinion ended the litigation on the merits; rather, he contends that he meets the statutory criteria for allowing an immediate appeal.

Yet in order for Boliaux to proceed with his appeal, the Court must grant him leave to pursue an interlocutory appeal. See 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals * * * from final judgments, orders, and decrees * * * and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of [Title 28]."). The Bankruptcy Rules require that an "appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal * * * accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 * * *." B.R. 8001(b). While Boliaux filed a timely notice of appeal, he failed to file a motion for leave to appeal. However, Federal Rule of Bankruptcy Procedure 8003(c) provides that if a motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court may grant leave to appeal, or direct that a motion for leave to appeal be filed. The district court also may deny leave to appeal, but must consider the timely notice of appeal as a motion for leave to appeal. Pursuant to Rule 8003(c), the Court will construe Boliaux's timely filed notice of appeal [1], as well as his supporting memorandum [4], as the required motion for leave to file an appeal.

In deciding whether to allow an interlocutory appeal from a bankruptcy court order, a district court employs the same criteria that the court of appeals applies in considering an interlocutory appeal from a district court order. See *In re Jartran, Inc.,* 886 F.2d 859, 865-66 (7th Cir. 1989) (finding that a district court's jurisdiction does not require that the bankruptcy court certify the appeal); see also *In re Beale*, 2008 WL 538913, at *2 (N.D. Ill. Feb. 20, 2008). Because of the "well-established judicial policy of * * * avoiding the delay and disruption which results from such piecemeal litigation," leave to appeal an interlocutory order will not be granted "absent exceptional circumstances." *In re Pullman Constr. Indust., Inc.,* 143 B.R. 497, 498 (N.D. Ill. 1992). In keeping with this policy, the court may certify an order for immediate appeal only if the order sought to be appealed involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 675 (7th Cir. 2000) ("There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation") (emphasis in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify" an order for an immediate appeal. *Id.* at 676 (emphasis in original).

The Seventh Circuit has noted that § 1292(b) "was not intended to make denials of summary judgment routinely appealable." *Ahrenholz,* 219 F.3d at 676. By analogy, grants of summary judgment on counterclaims are not routinely appealable when additional claims remain pending. In *Ahrenholz,* the court explained what types of questions are appropriate for interlocutory appeals:

> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact * * * * We also think * * * that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either. We think they used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the

> record, the court should be enabled to do so without having to wait till the end of the case * * * * But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there; and to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract * * *.

*Ahrenholz,* 219 F.3d at 676-77 (citations omitted).

Appellant argues that the bankruptcy court misapplied the law governing *res judicata*, the Credit Agreements Act, and Illinois Supreme Court Rule 304(a) in its summary judgment order. However, the present case does not involve a "pure" question of law. Rather, it first requires this Court to decide whether the bankruptcy court acted properly when applied the doctrine of *res judicata* to the facts presented *in this case*. Appellant's contention that the bankruptcy court incorrectly applied the doctrine to the facts of his case does not raise an appropriate issue for an immediate appeal. If this Court were to grant leave for an interlocutory appeal, it would have to immerse itself in the record of the Illinois state court proceedings as well as the bankruptcy court proceedings in an effort to determine whether *res judicata* applies to bar Appellant's counterclaims. This process would not involve a "pure question of law, something the [district court] could decide quickly and cleanly without having to study the record." *Ahrenholz,* 219 F.3d at 677. Rather, it would be similar to examining the record of a summary judgment proceeding to see whether there is a genuine issue of fact, a situation in which an interlocutory appeal is not appropriate.

The same holds true for Appellant's additional arguments with respect to the Illinois Credit Agreements Act and Illinois Supreme Court Rule 304(a). Appellant begins most of his arguments with "[a]s a matter of fact." Once again, Appellant takes issue with the bankruptcy court's application of the law to the facts in this lawsuit, but has failed to present a pure question of law with respect to the Illinois Credit Agreements Act or Illinois Supreme Court Rule 304(a).

Moreover, Appellant has failed to present any argument that this appeal would hasten the ultimate resolution of the litigation. As stated by the Court in *Ahrenholz,* "[u]nless *all* these criteria are satisfied, the district court may not and should not certify" an order for an immediate appeal. 219 F.3d at 676 (emphasis in original). Having failed to establish that a controlling question of law as to which there is substantial ground for difference of opinion exists and having failed to even address whether an immediate appeal may materially advance the ultimate termination of the litigation, Appellant has not demonstrated that an interlocutory appeal is appropriate in these circumstances.

In sum, because Appellant has not demonstrated the presence of any exceptional circumstances that would warrant an immediate appeal, the Court denies Appellant's motion for leave to file an appeal and dismisses his appeal. The Court also strikes the briefing schedule set on September 15, 2010; Appellee need not respond to the opening brief filed by Appellant.